IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATA SPEED TECHNOLOGY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-1452 (SLR) |
| | ) |
| WOLTERS KLUWER U.S. | ) |
| CORPORATION and CCH, INC., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants Wolters Kluwer U.S. Corporation and CCH Incorporated ("Defendants") (collectively, "Wolters Kluwer") hereby move to dismiss Plaintiff Data Speed Technology LLC ("Data Speed")'s Complaint for Patent Infringement for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Data Speed lacks standing to bring and maintain its infringement suit against Wolters Kluwer for the reasons stated in the multiple defendants' motions to dismiss in the following cases: *Data Speed Technology LLC v. Cisco Systems, Inc.*, C.A. No. 13-615-SLR (D.I. 7), *Data Speed Technology LLC v. EMC Corporation*, C.A. No. 13-616-SLR (D.I. 8), *Data Speed Technology LLC v. Hewlett-Packard Company*, C.A. No. 13-617-SLR (D.I. 7) *Data Speed Technology LLC v. Microsoft Corporation*, C.A. No. 13-620-SLR (D.I. 9), and *Data Speed Technology LLC v. Oracle Corporation*, C.A. No. 13-622-SLR (D.I. 8), all of which were filed on June 5, 2013; and *Data Speed Technology LLC v. Xerox Corporation*, C.A. No. 13-624-SLR, (D.I. 10 and 11), filed on June 6, 2013. These motions, together with the reply papers are hereby incorporated by reference in support of this motion.

Wolters Kluwer further cites the August 30, 2013 Report and Recommendations in *MayFair Wireless LLC v. Cellco Partnership (d/b/a Verizon Wireless) et al.*, C.A. No. 11-772-

SLR-SRF (D.I. 40) – issued after the motion to dismiss filings in each of the above-identified cases – in which the Court concluded that the "court is not confined to the allegations in the complaint" when "reviewing a factual challenge to the court's subject matter jurisdiction" and that the "the party seeking to invoke the court's subject matter jurisdiction . . . bears the burden of proving that it has standing to sue for infringement." *See id.* at 5, 9 (recommending that defendants' motion to dismiss for lack of subject matter jurisdiction be granted where the purported agreements effecting assignment of the asserted patent did not specifically refer to the transfer of any rights in the asserted patent) (attached hereto as Exhibit A).

Plaintiff has been aware of the defects in its standing since at least as early as June 5, 2013, and yet has continued to proceed without addressing its standing. Accordingly, the Complaint should be dismissed with prejudice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld
_____
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

Kevin P. Anderson
Floyd B. Chapman
WILEY REIN LLP
1776 K Street, NW
Washington, D.C. 20006
(202) 719-7000

October 31, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 31, 2013, upon the following in the manner indicated:

Richard D. Kirk, Esquire     *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
Vanessa R. Tiradentes, Esquire
BAYARD, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE 19801
*Attorneys for Plaintiff*

Marc A. Fenster, Esquire     *VIA ELECTRONIC MAIL*
Alexander C.D. Giza, Esquire
Dorian S. Berger, Esquire
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
*Attorneys for Plaintiff*

Jack B. Blumenfeld (#1014)